IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RAY EVANS                                                                    PLAINTIFF

v.                              Civil No. 2:07-cv-02040

JUDGE J. MICHAEL FITZHUGH,
Circuit Judge; CLAIRE LOUISE
BORENGASSER, Senior Deputy
Prosecutor; and UNITED STATES
MAGISTRATE JUDGE JAMES
R. MARSCHEWSKI                                                                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Ray Evans (hereinafter Evans) filed this civil rights action pursuant to 42 U.S.C. §

1983.  He proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Robert T.

Dawson, United States District Judge, referred this case to the undersigned for the purpose of making

a report and recommendation.  The case is before me for a determination of whether service of

process should issue.

## Background

According to the allegations of the complaint, on February 23, 1996, Evans' step-daughter

was taken to a clinic in Fort Smith to undergo a rape examination to determine if she had been raped

or sexually abused.  Evans maintains a copy of the doctor's report from the examination was

submitted to the Sebastian County Circuit Court and the document showed that there was absolutely

no evidence of physical contact at all.

Evans asserts he has submitted Freedom of Information Act requests to obtain copies of the

report and motions for discovery in an effort to obtain copies of the crucial piece of defense evidence

only to have all his petitions and legal motions denied by Judge Fitzhugh.  Evans alleges that Clare Borengasser and Judge Marschewski both know that the crucial document will alone by itself prove his innocence of the trumped up sex charges.  He contends the evidence will help him obtain relief from the term of illegal incarceration that he is now being forced to serve.

According to *Evans v. State*, 331 Ark. 240, 959 S. W. 2d 745 (1998), David Evans was convicted in the Sebastian County Circuit Court of sexual abuse in the first degree and the attempted rape of his stepdaughter and sentenced to forty-seven years in the Arkansas Department of Correction.  *Id.*, 331 Ark. at 240.  He was represented by James R. Marschewski.  *Id.*

## Discussion

This case is subject to dismissal.  First, the claims are barred by the statute of limitations as the events occurred in 1996.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations."  *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case).  *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case).  In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).  Thus, any claims based on events that occurred in 1996 would be barred by the statute of limitations.

Second, Judge Fitzhugh is immune from suit.  *See Mireles v. Waco*, 502  U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v.*

*Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.*, 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects."  *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Evans does not allege that either of these prerequisites for injunctive relief are met.  *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action

-3-

against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).  Thus, to the extent Evans seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm."  *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22.  *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted).  *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).  *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Third, Claire Borengasser, the prosecuting attorney, is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the

-4-

complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Evans' complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Evans can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Fourth, Magistrate Judge James R. Marschewski, at the time relevant to this complaint, was Evans' public defender and is not subject to suit under § 1983.  To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right.  In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.  Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983.  *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

## **Conclusion**

  Accordingly, I recommend that Evans' claims be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against Defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

  **Evans ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Evans is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  DATED this 20th day of April 2009.

         /s/ Barry A. Bryant       
         BARRY A. BRYANT
         UNITED STATES MAGISTRATE JUDGE